IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY C. MOORE,

                Petitioner,              ORDER

    v.                                   09-cv-725-wmc

GREGORY GRAMS and
J. B. VAN HOLLEN,

                Respondents.

---

On February 16, 2011, this court dismissed petitioner Rodney C. Moore's petition for a writ of habeas corpus under 28 U.S.C. § 2254, finding no evidence that Moore was held in custody in violation of the laws, treaties or Constitution of the United States. In that order, petitioner's request for a certificate of appealability was denied. On April 15, 2011, the court denied petitioner's motions to alter or amend judgment and for release. Now, petitioner has filed a notice of appeal.

Because Moore has not paid the $455 fee for filing an appeal, the court construes his notice as a request for leave to proceed *in forma pauperis* on appeal. Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. *Walker v. O'Brien*, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254 or 2255"). In determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, however, the court must also find that (1) the petitioner does not have the means to pay the $455 fee for filing his appeal and (2) the



appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). The court does not intend to certify that Moore's appeal is not taken in good faith.

In determining whether a habeas corpus petitioner is eligible for pauper status, the court applies the formula set out in 28 U.S.C. § 1915(b)(1). Specifically, from the petitioner's trust fund account statement for the six-month period immediately preceding the filing of his appeal, the court adds the deposits made to petitioner's account and calculates 20% of the greater of the average monthly deposits or the average monthly balance in the account. If the 20% figure is more than the fee petitioner owes for filing his appeal, he may not proceed *in forma pauperis*. If the 20% figure is less than $455, he must prepay whatever portion of the fee the calculation yields.

The court cannot tell whether Moore qualifies for indigent status on appeal because he has not submitted a trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. Therefore, the court will stay a decision on Moore's request for leave to proceed *in forma pauperis* pending his submission of the necessary trust fund account statement.

ORDER

IT IS ORDERED that a decision whether petitioner may proceed *in forma pauperis* on appeal is STAYED. Petitioner may have until May 23, 2011 in which to submit a trust fund account statement for the six-month period beginning approximately October 29, 2010, and

ending approximately April 29, 2011. If, by May 23, 2011, the petitioner fails to submit the necessary trust fund account statement, the court will deny his request for leave to proceed *in forma pauperis* on appeal for his failure to show that he is entitled to indigent status.

    Entered this 2nd day of May, 2011.

                    BY THE COURT:

                      WILLIAM M. CONLEY
                      District Judge